UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

JEANETTE ARMBRUSTER,

        Plaintiff,

                                                  Case Number 07-14658-BC

v.                                       Honorable Thomas L. Ludington

CHARTER COMMUNICATIONS, LLC,

        Defendant.

_____/

## **ORDER GRANTING IN PART AND DENYING IN PART STIPULATED MOTION TO FILE UNDER SEAL AND AMENDING SCHEDULING ORDER**

Plaintiff's complaint alleges that Defendant terminated her employment in violation of various age and sex anti-discrimination statutes. *See* 42 U.S.C. § 2000e *et seq.*; 29 U.S.C. § 621 *et seq.*; Mich. Comp. Laws § 37.2202. Recently, the parties submitted a stipulated protective order and motion to seal portions of Defendant's motion for summary judgment, related briefs, and supporting exhibits. The parties seek to keep certain proprietary information private.

After review of the order, the Court informed the parties that it would not accept the stipulated motion to seal as drafted. Specifically, the stipulated motion to seal did not meet the requirements set for in E.D. Mich. LR 5.3(b)(2)(A)(i), which requires that the moving party include the "authority for sealing." The Court indicated that the parties would need to provide legal authority for the proposition that proprietary information deserved confidentiality and that the substance of motions could be sealed.

On September 3, 2008, the parties submitted[1] the following revised stipulated motion to seal:

---

[1] Pursuant to this district's electronic filing policies concerning proposed orders, the parties' stipulation is not contained on the electronic docket. In light of the fact that the Court will grant in part and deny in part the parties' stipulated motion to seal, this order contains the entire body of the stipulated motion to seal.

# STIPULATION TO FILE UNDER SEAL ANY CONFIDENTIAL MATERIAL REFERENCED IN AND/OR ATTACHED TO BRIEFS SUPPORTING OR OPPOSING SUMMARY JUDGMENT

NOW COME the parties in the above-captioned matter, by and through their attorneys and consistent with their February 27, 2008 Stipulation and Protective Order, and hereby STIPULATE AND AGREE to allow one another to file all client, financial and strategic information referenced in and attached as exhibits to their respective summary judgment briefs under seal. The reason for this *Stipulation* is that while the Court has not yet executed the Stipulation and Protective Order, the parties have consistently endeavored to preserve the confidentiality of certain information exchanged during discovery, and Defendant seeks to protect its commercially sensitive, proprietary business (including client, financial, and strategic) information referenced in Sections II(B) and II(C) of its Brief in Support of Motion for Summary Judgment. Protection of these materials from disclosure is warranted because they contain pricing strategies, sales budgets and customer information that is unique to Defendant's business and not normally revealed to third parties who do not maintain the material in confidence.

In support of their *Stipulation*, the parties note that business' client, financial, and strategic information is widely-accepted as confidential, proprietary, and worthy of protection under Michigan law. *See, e.g.,* Follmer, Rudzewic & Co., P.C. v. Kosco, 420 Mich. 394, 405-07 (1984) (business, marketing and financial information warrant protection as proprietary/confidential information); Chem-Trend, Inc. v. McCarthy, 780 F.Supp. 458 (E.D. Mich. 1991) (customer/client information warrants protection from disclosure); Hayes-Albion Corp. v. Kuberski, 421 Mich. 170, 184 (1984) (same), Follmer, *supra* (same.) Moreover, courts are authorized *and even required* to preserve the confidential nature of such information -- including through the sealing of documents. *See* M.C.L.A. §445.1906 (courts "shall preserve the secrecy of an alleged trade secret by reasonable means, which may include . . . sealing the records of the action....".) In this case, the parties are not requesting that entire briefs be filed under seal. Rather, pursuant to Local Rule 5.3(c)(2), they are requesting that redacted briefs -- with Charter's financial, customer and strategic information redacted -- be filed through the Court's regular methods and that only the unredacted versions of the briefs be filed under seal.

> The parties therefore ask that they may be permitted to file under seal any and all client, financial and strategic information that is referenced within or attached to their summary judgment briefs. The parties ask that their *Stipulation* be approved because it will serve to protect their privacy interests.

Indeed, the stipulation contained citations to legal authority in support of the proposition that commercial financial, strategic, and client information is "widely-accepted as confidential, proprietary, and worthy of protection under Michigan law. *Stipulated Motion* (*citing Follmer, Rudzewicz & Co., P.C. v. Kosco*, 362 N.W.2d 676 (Mich. 1984). The parties, however, have not advanced any authority for the proposition that substantive motions should be filed under seal.

Our legal system recognizes a "long-standing" presumption that the public has a right of access to inspect court records. *In re Knoxville News-Sentinel Co., Inc.*, 723 F.2d 470 473-74 (6th Cir. 1983) (citations omitted). Certainly, restricting access to "business information that might harm a litigant's competitive standing" is appropriate in certain circumstances. *Id.* at 474. Indeed, restricting access to certain exhibits is warranted in this matter.

The parties' request to seal portions of pleadings, however, is problematic. Although the parties have some right to keep certain sensitive information private, they have chosen to litigate this matter in a public forum. A point exists during the adjudicative process of a public court where the information must proceed from the realm of private to public. To the extent that the parties believe the information is relevant and necessary to the merits of the case, the Court will likely rely on it in resolving the motion for summary judgment.

The parties have not met their burden of demonstrating that protection of certain proprietary information by sealing the substance of motion and briefs outweighs the public's right to know. *See*

*id.* The Court will permit the parties to file exhibits under seal, but will deny their request to file motions or briefs under seal.

As a consequence of the parties' request to file certain pleadings under seal, the scheduling dates in the amended scheduling order have lapsed. The Court will amend the scheduling order to permit the parties an opportunity to file dispositive motions in accordance with this order.

Accordingly, it is **ORDERED** that the stipulation is **GRANTED** in part and **DENIED** in part. The parties may file documents deemed confidential pursuant to the parties' protective order under seal as exhibits. The parties may not file motions or briefs under seal, whether in whole or in part.

It is further **ORDERED** that the scheduling order is **AMENDED** as follows:

| | |
|---|---|
| Motions Challenging Experts Filed By: | October 17, 2008 |
| Dispositive Motions Filed By: | October 17, 2008 |
| Pretrial Disclosures Filed By: | December 12, 2008 |
| Motions *in limine* Filed By: | January 9, 2009 |
| Final Pretrial Order & Jury Instructions Due: | February 2, 2009 |
| Final Pretrial Conference: | February 10, 2009 at 3:30 p.m. |
| Trial Date: | February 24, 2009 at 8:30 a.m. |

                        s/Thomas L. Ludington
                        THOMAS L. LUDINGTON
                        United States District Judge

Dated: September 15, 2008

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on September 15, 2008

        s/Tracy A. Jacobs
        TRACY A. JACOBS